Filed 3/30/23 P. v. Ruiz CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061508 |
| v. | (Super. Ct. No. RIF106251) |
| RICARDO RUIZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Riverside County, Louis R. Hanoian, Judge. (Retired judge of the San Diego Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

Gene D. Vorobyov, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*    \*    \*

This is another of the burgeoning *Wende*[1] filings occasioned by recent legislative changes that are, not unsurprisingly, confusing to people who have not received a legal education. Appellant Ruiz is apparently spending a lot of time mulling over these changes – unfortunately to no avail.

This is appellant's third trip to our court. He appealed his underlying murder conviction in 2011 and achieved a reduction of his sentence from life without parole to life with parole. Then, in 2021, he petitioned for resentencing under Proposition 47, which changed California law regarding the felony murder rule and the reasonable and natural consequences doctrine. There was no basis for a change in his case and he lost that appeal.

Nine months ago, he filed this action, seeking relief pursuant to newly-enacted Penal Code section 1172.6.[2] Section 1172.6 is the procedural mechanism for implementing legislative changes in California law which narrow the scope of vicarious liability for murder in two ways. First, the Legislature eliminated the natural and probable consequences theory for that crime by providing that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Second, it reined in the felony murder rule so that it can only be applied to *nonkillers* if they aided and abetted the killer in committing first degree murder, or they were a major participant in the underlying felony and acted recklessly indifferent to human life. (§ 189, subd. (e).)

To obtain relief under the new section, the defendant must show 1) he was prosecuted for murder under the felony murder rule or the natural and probable consequences doctrine, 2) he was ultimately convicted of first or second degree murder,

---

[1] *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

[2] The statute appellant relied upon in 20121 was Penal Code 1170.95, which has since been renumbered as Penal Code section 1172.6. (Stats. 2022, ch. 58, § 10.) We think that may have been the basis for appellant's new petition for resentencing: he thought a new statute had been enacted – possibly changing the rules – when in fact only a renumbering had occurred.

All further statutory references are to the Penal Code.

and 3) and he would not be liable for murder today because of how the Legislature has redefined that offense. (§ 1170.95, subd. (a).)

But appellant's conviction was not based upon either of the doctrines affected by section 1172.6. Appellant was convicted of conspiracy to commit murder, murder, and discharging a firearm from a vehicle. The basis of appellant's liability was that he passed a firearm from a backseat passenger in his car to another passenger who then fired the fatal shot.

As is obvious from that description of the facts, the prosecution involved neither the felony murder rule nor the natural consequences rule. The case was tried on a direct aiding-and-abetting theory. No instructions were given regarding either the felony murder rule or the natural and probable consequences doctrine and neither side argued either.

Appellant therefore cannot qualify for relief under section 1172.6 now any more than he could last year under section 1170.95. Appellant's counsel has provided us with briefing, but neither he nor we can find any flaw in the ruling of the court below. We must agree with appellate counsel that there is no arguable issue here. The judgment is affirmed.

The trial court appointed counsel for appellant, heard appellant's motion under this section and denied it. He appealed and we appointed counsel to represent him on appeal. Counsel reviewed the record in the case and concluded there was no issue he could argue that had a reasonable chance of success. He did not argue against his client but requested – as the law provides – that we independently review the case and see if *we* could find an issue that might be arguable. (*Wende, supra,* 25 Cal.3d 436.) Appellant was given the opportunity to write to us and tell us what issues he thought might be found in the record but did not respond.

It should be emphasized that a *Wende* review is not for arguments that would necessarily be successful, but merely arguments that could be made, arguments

3

whose proposal would not violate ethical prohibitions about frivolous appeals. Our review of the case was aimed at merely finding something an attorney could ethically argue in favor of reversal. We have made such a review and found nothing.

We have found nothing because appellant does not fall within the terms of the statute he is seeking to apply to his case. There was no application of the felony murder rule or the natural and probable consequences doctrine in his case. The jury was not instructed on those doctrines, and they were not argued by counsel. The jury found he had passed the firearm to the shooter. That was the basis of his liability – not either of the doctrines covered by section 1172.6. He is therefore ineligible for relief under that section.

What's more, appellant has already had one appeal. We affirmed his conviction in 1996. This is not his "first appeal of right." Under the recently decided California Supreme Court case of *People v. Delgadillo* (2022) 14 Cal.5th 216, appellant is not entitled to appointed counsel to raise this issue; *Wende* review is not an entitlement for him.

For both these reasons, the judgment is affirmed.

                                                                         BEDSWORTH, ACTING P. J.

WE CONCUR:

MOORE, J.

GOETHALS, J.